IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, United States Secretary of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 6:15-cv-28 |
| BAT MASONRY COMPANY, INC., *et al.*, | ) ) | By: Robert S. Ballou United States Magistrate Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

In this ERISA action, the Department of Labor ("DOL") seeks to hold defendants liable for their purported breaches of fiduciary duties under a failed ESOP. Defendant James Joyner, proceeding *pro se*, asks the court to sanction under Rule 11 the attorneys of record and certain employees[1] for the DOL for filing frivolous claims, misleading the court in the complaint, and filing the complaint for an improper purpose. Joyner asks the court to award attorneys' fees, expenses, and lost profits, and that he be dismissed from this action.[2] Def.'s Mem. in Supp. of Mot. for Sanctions ("Def.'s Mem. in Supp.") at 25–26, Dkt. No. 73. The motion is **DENIED**.

## I.

Defendant BAT Masonry Company, Inc. ("BAT") and other defendants established the BAT Masonry Company Incorporated Employee Stock Ownership Plan and Trust ("the ESOP"), effective May 1, 2009, to enable employees to acquire a proprietary interest in the company. Compl. ¶¶ 6, 19, Dkt. No. 1. Wayne Booth was the sole shareholder of BAT Masonry stock at the

---

[1] Joyner names the following attorneys for the DOL: Geoffrey Forney, Michael Schloss, Oscar L. Hampton III, and M. Patricia Smith, both individually and in their professional capacities.

[2] Joyner estimates his litigations costs as exceeding $110,000 and his "lost profits" as $100,000. Def.'s Mem. in Supp. at 27, Dkt. No. 73. Additionally, Joyner requests that the court require the DOL and its attorneys to pay a daily fine until the complaint is corrected, and preclude the attorneys who participated in preparing the complaint from continued involvement the lawsuit. Id. at 26–27.

time, and thus, the ESOP purchased Booth's stock, and thereafter employees would acquire shares of company stock from time to time as allowed under the ESOP documents. The ESOP purchased Booth's stock through two promissory notes totaling $ 11,899.848.05, and a cash payment of $1,599,971.52. Compl. ¶ 21. Booth then assigned one promissory note and the cash to BAT to retire the debt Booth owed to the company. Id. Through the ESOP transaction, Booth eliminated his debt to the company, and the ESOP, which then owned all company stock, was indebted by almost $11.9 million. Compl. ¶ 23. The company ceased doing business in 2012. Compl. ¶ 61. This action seeks to hold the company principals and fiduciaries involved in the ESOP transaction liable for having engaged in prohibited transactions as defined under ERISA and having violated the fiduciary obligations owed to the company and its employees. Compl. ¶ 19.

A core issue in this action is whether the established purchase price for Wayne Booth's stock accurately represented the fair market value of BAT Masonry. In February 2010, BAT contracted with defendant Sheldrick, McGehee & Kohler, LLC ("SMK") to conduct a valuation of the company, as of December 31, 2009. Compl. ¶ 25. SMK valued the company at $15,936,880. Compl. ¶ 26. The complaint alleges that SMK's report contained several accounting and financial valuation errors, resulting in a valuation "far in excess of fair market value." Compl. ¶ 28. The complaint asserts that SMK failed to account properly for the deteriorating fundamentals of the company, shown by BAT's declining backlog of work, improperly adjusted the representative earnings base to reflect lower salaries than those actually paid, improperly classified certain items as "non-operating assets" and failed to account for BAT's non-operating liabilities, failed to identify accounting abnormalities in the financial statements provided by BAT, and improperly treated Wayne Booth's debt to BAT under a promissory note as increasing the fair market value of the company by $5,828,344. Compl. ¶¶ 28–43.

On July 19, 2010, BAT's Board of Directors appointed Joyner as an independent trustee, with the sole responsibility to assess the fairness of the proposed purchase of Wayne Booth's stock by the ESOP. Compl. ¶ 44. The complaint asserts that Joyner reviewed "SMK's valuation and [BAT's] financial statements, among other documents, before approving the ESOP's purchase of BAT shares. . . ." Compl. ¶ 47. Thereafter, Joyner, relying on SMK's faulty valuation, caused the ESOP to purchase Wayne Booth's stock at above fair market value, resulting in a prohibited transaction under ERISA.[3] Compl. ¶¶ 73, 76–78.

The DOL contends that Joyner violated his duty of loyalty and prudence to the ESOP by relying on SMK's valuation and by failing to conduct an adequate independent investigation of BAT's financial condition. Compl. ¶¶ 11, 12, 84-86, 88, Dkt. No. 1; see also Donovan v. Bierwirth, 680 F.2d 263, 271 (2d Cir. 1982) (finding that ERISA imposes "three different although overlapping standards" on fiduciaries, including the duty of loyalty, prudence and to act solely for the interest of providing benefits to plan participants). The DOL further alleges that Joyner violated ERISA by causing the ESOP to acquire stock at a price that exceeded the fair market value, and caused the ESOP to suffer financial losses, for which he is personally, jointly, and severally liable. Compl. ¶ ¶ 77, 79, 85–86; see also 29 U.S.C. § 1109(a) ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach. . . .").

---

[3] On July 21, 2010, Joyner approved the ESOP's purchase of 123,000 shares of BAT stock, for a total of $13,499,920.57. On July 22, 2010, through a resolution of the Board of Directors, and with the approval of Joyner, acting as an independent trustee, the ESOP purchased 123,000 shares of BAT stock owned by Wayne Booth through the Wayne B. Booth Revocable Trust ("WB Trust") for $13,499,920.57. Compl. ¶¶ 20, 73.

In December 2010, a different valuation firm, Pisgah Financial, LLC issued an opinion valuing BAT at $163,590, over $13 million less than the ESOP had paid only six months previously. Compl. ¶ 51.

## II.

Rule 11 requires an attorney to make a reasonable inquiry to determine that a complaint is well grounded in both fact and law, and not filed for an improper purpose.[4] Fed.R.Civ.P. 11(b); Simpson v. Welch, 900 F.2d 33, 36 (4th Cir. 1990) ("[Rule 11] imposes 'a duty to conduct a pre-filing examination of both the facts and the law before instituting legal process.'") (citation omitted). In determining whether a complaint is well grounded in fact, "[a]n objective test is used to determine the reasonableness of a lawyer's prefiling investigation." In re Kunstler, 914 F.2d 505, 514 (4th Cir. 1990) (quotation omitted). Factual allegations violate Rule 11(b)(3) when such allegations "are 'unsupported by *any* information obtained prior to filing.' " Morris v. Wachovia Sec., Inc., 448 F.3d 268, 277 (4th Cir. 2006) (quoting Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991)); In re Kunstler, 914 F.2d at 515 ("While a lawyer may rely on discovery to reveal *additional* facts to support claims which are well grounded in fact, Rule 11 sanctions are appropriate when a lawyer attempts to use discovery to support outrageous and frivolous claims for which there is *no* factual support.").

A legal argument violates Rule 11(b)(2) when it has "absolutely no chance of success under the existing precedent." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002)

---

[4] Rule 11 of the Federal Rules of Civil Procedure provides:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b).

(quotation omitted). However, the fact that a legal position is ultimately unsuccessful does not warrant sanctions, as "[a]ttorneys must be allowed to seek good faith expansions and changes of the law." Myers v. Sessoms & Rogers, P.A., 781 F. Supp. 2d 264, 268 (E.D.N.C. 2011); Hunter, 281 F.3d at 153 (finding that only when "a reasonable attorney in like circumstances could not have believed his actions to be legally justified" are sanctions warranted.). Finally, a complaint violates Rule 11(b)(1) when it is filed without the "central and sincere purpose" of vindicating rights in court. In re Kunstler, 914 F.2d at 518. Improper purposes include the filing of suit as leverage in separate proceedings, to obtain discovery for use in those other proceedings, and to embarrass, intimidate, or harass. Id. at 519.

### III.

The complaint is sufficiently grounded in law and fact, was filed with the central purpose of vindicating the rights of the ESOP participants, and is based on sound legal theory.[5] Thus, I find that Joyner has not shown any basis to impose sanctions under Rule 11. ERISA requires that BAT sell stock to the ESOP for no more than "adequate consideration," defined as "fair market value." 29 U.S.C. §§ 1108(e)(1) & 1002(18)(B).[6] Indeed, Joyner does not contest this legal premise; he merely disagrees with whether his reliance on SMK's valuation, among other things, breached his fiduciary duty to the ESOP. Joyner also does not contest that under ERISA, he owed the duties of

---

[5] Joyner asserts that he "believes this litigation is being pursued for an improper purpose . . . stem[ing] from a lack of accountability over the EBSA enforcement program . . . ." Def.'s Rebuttal at 3, Dkt. No. 93. However, Joyner has presented no evidence that convinces me of an improper purpose meriting sanctions under Rule 11.

[6] ERISA forbids a fiduciary from causing "the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . sale or exchange . . . of any property between the plan and a party in interest." 29 U.S.C. § 1106(a)(1)(A). The sale of BAT stock to the ESOP was such a transaction; however, the prohibited transaction rule does not apply if the sale "is for adequate consideration." 29 U.S.C. § 1108(e)(1). Thus, "[a]n ESOP may acquire employer securities in circumstances that would otherwise violate Section 406 if the purchase is made for 'adequate consideration.'" Donovan v. Cunningham, 716 F.2d 1455, 1465 (5th Cir. 1983). When the security has no generally recognized market, ERISA defines "adequate consideration" as "the fair market value of the asset . . . ." 29 U.S.C. § 1002(18).

loyalty and prudence, and to act for the exclusive purpose of providing benefits to plan
participants, and that breaching these duties subjects him to personal liability. See 29 U.S.C.
§ 1104(a)91)(A)-(B); 29 U.S.C. § 1109(a).

Further, the complaint has a basis in fact. The DOL conducted an investigation prior to
filing its complaint. The Employee Benefits Security Administration ("EBSA") retained an expert
to assess the validity of SMK's valuation. Pl.'s Mem. in Opp. Mot. for Sanctions ("Pl.'s Mem. in
Opp.") at 6–7 & Ex. D, Dkt. No. 74. The DOL represents both that the expert found several
significant errors, and that EBSA's own investigation showed the valuation was inaccurate, as
alleged in the complaint.[7] Id.

The DOL points out that Joyner's motion brims with arguments about disputed facts, most
prominently the proper method to assess the fair market value of BAT, and the alleged flaws of
SMK's valuation. Joyner presents specific examples of the so-called "frivolous valuation
representations" in the complaint. See Def.'s Mem. in Supp. at 12–20, Dkt. No. 73. Joyner also
argues that the complaint unfairly criticizes SMK's valuation methods and exercise of due
diligence, and Joyner's reliance on SMK's report. See Def.'s Mem. in Supp. at 20–22, Dkt. No. 73;
see also Def.'s Rebuttal at 20, Dkt. No. 93. ("In short, [t]his [d]efendant's motion for sanctions is
directed against the [D]OL attorneys' use of distortions and misrepresentations about valuation
issues in order to propel the complaint past the hurdle of stating a claim . . . ."). In response, the
DOL provides support for the allegations in the complaint. The DOL points to BAT's audited
financial statements and depositions of defendants to support the allegation that SMK's valuation
failed to properly account for the deteriorating fundamentals of the company and was otherwise

---

[7] The DOL maintains that the expert's draft report and opinions offered in anticipation of litigation are
protected from disclosure, and represents that an expert report will be produced consistent with the court's scheduling
order. Pl.'s Mem. in Opp. at 7, n.3, Dkt. No. 74.

flawed.[8] Pl.'s Mem. in Opp. at 8, 18–22 & Ex. M; Dkt. No. 74. The DOL submitted evidence to support allegations that Joyner did not review BAT's financial documentation to determine whether SMK's valuation was reasonable, and points to e-mail correspondence in support of its argument that "Joyner's purported investigation of the proposed ESOP transaction was simply too short in duration to satisfy the high standard of prudent conduct required of ERISA fiduciaries." Id. at 22, 23, Ex. AA; Compl. ¶¶ 44–47.

Further, the DOL's point is well taken that the complaint need only allege a prohibited self-dealing transaction showing a fiduciary breach under ERISA, and need not, at this juncture, show in detail how SMK's valuation of BAT was in error. Perez v. Bruister, 823 F.3d 250, 262 (5th Cir. 2016) (noting that "for liability under ERISA, the critical question is whether there was a conflict of interest, and whether it was avoided because the trustees' decisions were made with an eye single to the interests of the participants and beneficiaries")(internal quotation omitted). Whether the ESOP actually paid fair market value for BAT's stock is an issue of fact for trial and Joyner bears of the burden of proving this affirmative defense. Bruister, 823 F.3d at 262.[9]

In sum, Joyner's motion for sanctions more closely resembles an outline for argument at trial. However, a motion for sanctions under Rule 11 should be made only as a response to severely

---

[8] For example, the DOL asserts that in the complaint that SMK should not have treated the airplane owned by BAT's subsidiary as a non-operating asset was based on interviews with company officials indicating that the airplane was used to transport managers to inspect job sites out of state. Pl.'s Mem. in Opp. at 19, Dkt. No. 74. While Joyner dismisses this argument as "nonsense" and asserts "every junior appraiser" would find the airplane to be a non-operating asset, this remains a disputed fact. See Def.'s Rebuttal at 14, Dkt. No. 93.

[9] Additionally, Joyner complains that EBSA failed to provide him with an opportunity to comment on or discuss the alleged ERISA violations, and expresses his dissatisfaction with the DOL's counsel during mediation. The DOL counters that EBSA interviewed Joyner about the ESOP transaction, and provides a "Report of Interview" with Joyner as support. Pl.'s Mem. in Opp. at 16 & Ex. AA, Dkt. No. 74. Joyner also asserts "upon information and belief" that he is entitled to view EBSA's investigatory files, but he states he will address this argument by separate motion. See Def.'s Mem. in Supp. at 24, Dkt. No. 73.

deficient pleadings, not serve as a stage to advance a party's defenses.[10] At most, Joyner has shown that he has a different interpretation of the facts and evidence than the DOL. Indeed, even if Joyner ultimately persuades the fact finder that he properly fulfilled his duties to the ESOP, that would not make sanctions appropriate under Rule 11. "At bottom, a court considering Rule 11 sanctions must differentiate between a losing argument or position, which is not sanctionable, and a frivolous one, which is." In re Johnson 186 F. App'x 390, 394 (4th Cir.2006) (unpublished). Here, the DOL has provided facts to support the allegations in his complaint, and has advanced nonfrivolous legal arguments.

## IV.

Accordingly, I **FIND** that the DOL's complaint (1) had basis in fact and advanced nonfrivolous legal arguments; (2) were the product of reasonable inquiry; and (3) were supported by proper motives. Joyner's motion for sanctions under Rule 11 (Dkt. No. 73) is therefore **DENIED**.

Entered: December 30, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

---

[10] Earlier in this lawsuit Joyner was represented by very able counsel, who he dismissed apparently due to financial concerns. See Dkt. No. 66, 68. Joyner is now proceeding pro se, and I note that the pitfalls of engaging in litigation, especially complicated litigation, without the aid of counsel are highlighted here by Joyner's ill-conceived motion for sanctions under Rule 11.