IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| EDWARD HUGLER[1], United States Secretary of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 6:15-cv-28 ) |
| BAT MASONRY COMPANY, INC., *et al.*, | ) By: Robert S. Ballou ) United States Magistrate Judge |
| Defendants. | ) |

## **MEMORANDUM OPINION**

In this ERISA action, the Department of Labor ("DOL") seeks to hold defendants liable for their purported breaches of fiduciary duties under a failed ESOP. Defendant James Joyner, proceeding *pro se*, brings a motion to compel the DOL to produce its Report of Investigation ("ROI").[2] Dkt. No. 98. The DOL objects on the grounds that the ROI and related expert opinions are protected from disclosure by the deliberative process privilege, the attorney work product doctrine, and Federal Rule of Civil Procedure 26(b). The motion is **DENIED.**[3]

**I.**

Defendant BAT Masonry Company, Inc. ("BAT") and other defendants established the BAT Masonry Company Incorporated Employee Stock Ownership Plan and Trust ("the ESOP"), effective May 1, 2009, to enable employees to acquire a proprietary interest in the company.

---

[1] Hugler became the Acting United States Secretary of Labor on January 20, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, I substitute Edward Hugler for Thomas Perez as the plaintiff in this suit.

[2] This is Joyner's second motion to compel. On December 30, 2016, I denied his first motion to compel without prejudice, on the grounds that he had failed to confer or attempt to confer with the opposing party prior to filing the motion as is required by Federal Rule of Civil Procedure 37. See Dkt. No. 96.

[3] Joyner also indicates that, in the event that the court grants his motion to compel, he would also ask the court to issue a summons for depositions of certain Employee Benefits Security Administration ("EBSA") investigators. However, he indicates that the deposition would be "pointless" if his motion to compel is denied. D's Mot. to Compel at 16, Dkt. 98.

Compl. ¶¶ 6, 19, Dkt. No. 1. Wayne Booth was the sole shareholder of BAT Masonry stock at the time; thus, the ESOP purchased Booth's stock, and thereafter employees would acquire shares of company stock from time to time as allowed under the ESOP documents. Through the ESOP transaction, Booth eliminated his debt to the company, and the ESOP, which then owned all company stock, was indebted by almost $11.9 million. Compl. ¶ 23. The company ceased doing business in 2012. Compl. ¶ 61. This action seeks to hold the company principals and fiduciaries involved in the ESOP transaction liable for having engaged in prohibited transactions as defined under ERISA and having violated the fiduciary obligations owed to the company and its employees. Compl. ¶ 19.

A core issue in this action is whether the established purchase price for Booth's stock accurately represented the fair market value of BAT. On July 19, 2010, BAT's Board of Directors appointed Joyner as an independent trustee, with the sole responsibility to assess the fairness of the proposed purchase of Wayne Booth's stock by the ESOP. Compl. ¶ 44. The DOL contends that Joyner violated his duty of loyalty and prudence to the ESOP. Compl. ¶¶ 11, 12, 84-86, 88, Dkt. No. 1. The DOL further alleges that Joyner violated ERISA by causing the ESOP to acquire stock at a price that exceeded the fair market value, and caused the ESOP to suffer financial losses, for which he is personally, jointly, and severally liable. Compl. ¶ ¶ 77, 79, 85–86.

**II.**

Joyner's motion to compel seeks the DOL's unredacted ROI, and all related documents, pertaining to the ESOP investigation of BAT.[4] The DOL objects to producing the unredacted ROI,

---

[4] Joyner's Interrogatory No. 3 states:

Please identify every EBSA/DOL employee or contractor . . . who participated in any way [in] the investigation of the BAT Masonry ESOP, from the period [from January 1, 2012 through August 24, 2015] and, please produce the plan of examination, the working papers for the investigation, and the Report of Investigation, including all documents in support of the investigation and memoranda or summaries of its

asserting that it is protected under the deliberative process privilege; however, the DOL did file a redacted version of the ROI as Exhibit D to its Response in Opposition to Joyner's Motion for Sanction.[5] See ROI, Dkt. No. 75-1. Joyner argues that the government deliberative process privilege is "inapplicable" to the ROI. He states that the "privilege is designed to protect government policy-making; it is unrelated to the EBSA's role as an investigative and enforcement agency." D's Mot. to Compel at 5, Dkt. No. 98. The DOL maintains that the deliberative process privilege is "not limited in scope to documents leading to the formulation of agency policy" but rather includes recommendations and opinions by agency subordinates following an investigation. Pl.'s Resp. in Opp. at 12, Dkt. No. 99.

The deliberative process privilege protects from disclosure certain documents that contain "advisory opinions, recommendations and deliberations" on which governmental decisions and policies are based. In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997) (citation omitted); NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975) (The privilege rests on "the policy of protecting the 'decision making processes of government agencies,' [] and focus[es] on documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'")(citations omitted)

---

conclusions.

The DOL states in response:

. . . Without waiving any objection to this Interrogatory, Plaintiff already provided Defendant Joyner with a redacted copy of the Report of Investigation. See Dkt. No. 75-1. Plaintiff redacted the Report of Investigation under the deliberative process privilege and under the Federal Rules of Civil Procedure 26(b)(3) and (4) relating to the protection of opinions and reports prepared in anticipation of litigation. . . .

Ex. D to Joyner's Rebuttal, Dkt. No. 103-4.

[5] Joyner also seeks the opinions of the DOL's consulting expert. According to the DOL, the expert report will be provided in accordance with the court's scheduling order. Pl.'s Resp. at 16, Dkt. No. 99. Further, any draft reports made by consulting experts are entitled to protection under the work product doctrine. Elm Grove Coal Co. v. Dir., O.W.C.P, 480 F.3d 278, 303 n. 25 (4th Cir. 2007) (distinguishing between draft reports prepared by consulting experts and draft expert reports prepared by counsel and provided to testifying experts, the latter which are not entitled to protection under the work product doctrine).

The purpose of the privilege is to protect agency deliberations from public scrutiny, encouraging "open [and] frank discussion between subordinate and chief concerning administrative action." Environmental Protection Agency v. Mink, 410 U.S. 73, 87, 91 (1973) (finding that the exemption does not protect "purely factual material appearing in . . . documents in a form that is severable without compromising the private remainder of the documents.").[6]

To successfully invoke the deliberative process privilege, the government must show that the documents are both (1) predecisional and (2) deliberative. See Virginia Beach v. Dep't of Commerce, 995 F.2d 1247, 1253–54 (4th Cir. 1993) (noting that "ultimate questions [are] whether the materials bear on the formulation or exercise of agency policy-oriented judgment [and] whether disclosure would tend to diminish candor within an agency.") (citation and internal quotation marks omitted). Predecisional documents are "prepared in order to assist an agency decision maker in arriving at his decision." Id; Renegotiation Board v. Grumman Aircraft Engineering Corp., 421 U.S. 168, 184 (1975); see also Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980) (noting that "a document from a subordinate to a superior official is more likely to be predecisional, while a document moving in the opposite direction is more likely to contain instructions to staff explaining the reasons for a decision already made"). Deliberative materials are documents that reflect "the give-and-take of the consultative process by revealing the manner in which the agency evaluates possible alternative policies or outcomes." Id. Thus, the privilege protects "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer

---

[6] In support of his argument, Joyner points to Playboy Enterprises v. Dep't of Justice, 677 F.2d 931, 935 (D.C.Cir. 1982), which held that a fact report was not within the privilege because the compilers' mission was simply "to investigate the facts," and because report was not "intertwined with the policy-making process." Playboy Enterprises must be distinguished from the material sought here, which contains the opinions of Investigators McKee and Truppi who are making recommendations to their supervisor. Indeed, the DOL has provided to Joyner a redacted version of the ROI, which does contains a factual summary.

4

Case 6:15-cv-00028-EKD-RSB   Document 106   Filed 02/22/17   Page 4 of 8   Pageid#: 1703

rather than the policy of the agency." Coastal States Gas Corp., 617 F.2d at 866 ("Documents which are protected by the privilege are those which would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position."). Finally, the deliberative process privilege can be overcome by showing a compelling need, and it is subject to judicial oversight. Marriott Int'l Resorts, L.P. v. United States, 437 F.3d 1302, 1307 (Fed. Cir. 2006) (distinguishing the deliberative process privilege from other privileges such as the military and state secrets privilege, which cannot be overcome by showing a compelling need, and for which courts generally may not conduct in-camera review of the "highly sensitive withheld documents").

The DOL has submitted an affidavit from the Assistant Secretary of Labor, Phyllis Borzi, stating why the redacted portions of the ROI are protected by the deliberative process privilege.[7] See United States v. O'Neill, 619 F.2d 222, 226 (3d Cir.1980) ("Usually such claims [of the deliberative process privilege] must be raised by affidavit." (citation omitted)); Kaufman v. New York, No. 98 Civ. 2648(MJL)(KNF), 1999 WL 239698, at *3 (S.D.N.Y. Apr. 22, 1999) ("The agency head or his or her authorized designee must invoke the privilege through an affidavit which states, inter alia, that he or she has reviewed each of the relevant documents and provides the reason(s) why preserving confidentiality—rather than the agency's interest in the particular action—outweighs the public interest in disclosure.").

Assistant Secretary Borzi states that EBSA investigators are required to create an ROI for

---

[7] In his rebuttal brief, Joyner objects to Borzi's affidavit, stating that "in January 2017 [she] is not listed on the DOL's public web site." D's Rebuttal at 3, Dkt. No. 103. However, this alone does not cause me to question the good faith of the DOL, and, until credible evidence suggests otherwise, I will assume the validity of the affidavits, and that they were prepared in good faith. See Bowers v. U.S. Dep't of Justice, 930 F.2d 350, 357 (4th Cir. 1991) ("The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.").

their supervisor and the Regional Director at the conclusion of an investigation. The ROI is comprised of "facts, documents and witness statements" gathered during the EBSA investigation, and may discuss the potential ERISA claims that the DOL could bring. Aff. Borzi ¶ 8, Dkt. 99-1. After the Regional Director reviews and approves the ROI, he makes his own recommendation to the Solicitor of Labor regarding a civil lawsuit. Aff. Borzi at ¶ 8. The Solicitor of Labor makes the final decision regarding whether to file a civil action, including what facts and causes of action to plead. Aff. Borzi ¶ 10.

Here, Investigators Colleen McKee and Samantha Truppi prepared the ROI following their investigation of the ESOP's purchase of all of BAT's outstanding stock. Aff. Borzi at ¶ 13. Assistant Secretary of Labor Borzi states in her Affidavit that she personally reviewed the unredacted ROI and determined that "disclosure of the discussion, recommendations, and opinions contained on pages 11 through 22 of the ROI would inhibit the agency's decision-making process by exposing the candid thoughts and opinions of subordinate agency employees regarding their subjective views about the meaning of facts and legal theories possibly applicable to this case." Aff. Borzi at ¶ 12. Thus, Assistant Secretary Borzi invokes the deliberative process privilege and "direct[s] that the Solicitor of Labor withhold from disclosure the redacted portions of the ROI." Aff. Borzi at ¶ 12.

Assistant Secretary Borzi avers that in the redacted portions of the ROI, pages 11 through 22, the "investigators offer their personal opinions about the application of the law to facts." Aff. Borzi at ¶ 15. Specifically, on pages 11 to 14 the investigators set forth their understanding of the expert's draft analysis of SMK's valuation, and whether those involved in the ESOP transaction failed to assess the fair market value of BAT's stock. Aff. Borzi at ¶ 16. On pages 14 through 19, the investigators assess whether the Secretary of Labor could prove imprudent conduct by

fiduciaries in administering the ESOP. Aff. Borzi at ¶ 17. Finally, pages 20 through 22 contain the investigators' theories about liability of non-fiduciaries. Aff. Borzi at ¶ 18. Accordingly, Borzi personally reviewed the ROI, set forth in her Affidavit the general subject matter of the redacted pages, and stated why these pages were protected by the deliberative process privilege.

I recognize that the deliberative process privilege is meant to be narrowly construed, and that the government has the burden to be "precise and conservative" in its claims of privilege. See Ethyl Corp. v. U.S. E.P.A., 25 F.3d 1241, 1248–49 (4th Cir. 1994). Here, however, the government has met this burden, and I find that redacted portions of the ROI contain the subjective advice, conclusions, opinions, and recommendations of the Investigators. Thus, I find that the redacted portions of the ROI are protected by the deliberative process privilege. I further find that Joyner has not shown his need for discovery of the ROI outweighs the DOL's interests in asserting the privilege. According to the DOL, Joyner has had access to the documents EBSA gathered during its investigation for months. Pl.'s Resp. in Opp. at 11, Dkt. No. 99.

## III.

I **FIND** that the redacted portions of the ROI are protected by the deliberative process privilege. Accordingly, Joyner's Motion to Compel (Dkt. No. 98) is **DENIED.**

However, the DOL is **DIRECTED** to provide within 10 days a privilege log of any documents withheld that are responsive to Joyner's Interrogatory No. 3.[8]

---

[8] Joyner complains in his Rebuttal that the DOL has ignored his requests that the DOL create a privilege log. The DOL asserts that Joyner "cannot legitimately claim that he is not in possession of all documents gathered during EBSA's investigation." Pl.'s Resp. at 11, Dkt. No. 99. However, the DOL next states that they provided electronic copies of "all *non-privileged* information and documents gathered by EBSA during its investigation." Id. (emphasis added) Thus, it is unclear whether the DOL has withheld from production any documents responsive to Joyner's Interrogatory No. 3, other than the DOI. If so, a privilege log might be necessary. See U.S. Dep't of the Treasury v. Pension Benefit Guar. Corp., No. 12-MC-100, 2016 WL 7383723, at *3 (D.D.C. Dec. 20, 2016) ("A common practice of agencies seeking to invoke the deliberative process privilege is to establish the privilege through a combination of privilege logs, which identify specific documents, and declarations from agency officials explaining what the documents are and how they relate to the agency decision.")

Further, regarding the DOL's motion for leave to file a sur-reply in response to Joyner's reply brief (Dkt. No. 104), this motion is **DENIED** and I have not considered either the DOL's sur-reply (Dkt. No. 104), or Joyner's rebuttal of the DOL's sur-reply (Dkt. No. 105)**.** <u>See</u> Local Rule 11(c)(1).

Entered: February 22, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge